UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AKHEEM SCOTT-MANNA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-299-JD-MGG |
| CALLOWAY, et al., | |
| Defendants. | |

OPINION AND ORDER

Akheem Scott-Manna, a prisoner without a lawyer, filed a second amended complaint alleging his constitutional rights were violated when a correctional officer released and ordered his K9 dog to attack and bite him at the Westville Correctional Facility. ECF 22. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his second amended complaint, Scott-Manna alleges that on January 26, 2020, Sgt. McCray, Ofc. Calloway, and Lt. Morgan violated his Eighth Amendment rights by subjecting him to excessive force. ECF 22 at 2. Specifically, he explains that during an altercation with Morgan, where Morgan and Calloway had placed him in shackles and

cuffs and were holding him down, McCray released and ordered his K9 dog to attack him. *Id*. Scott-Manna asserts that because Morgan and Calloway used physical force to restrain him and a taser had been deployed, there was no reason for McCray to order his K9 to attack him. *Id*. at 2-3. He states that Morgan and Calloway allowed him to be assaulted because McCray ordered them to move off of his legs and out of the way so McCray could deploy his K9. *Id*. Scott-Manna sustained a leg wound from the attack and still suffers from sharp pain and stinging sensations in his leg. *Id*. at 3.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). The use of a dog can constitute excessive force on the part of the dog's handler. *See Becker v. Elfreich*, 821 F.3d 920, 925-27 (7th Cir. 2016); *Dye v. Wargo*, 253 F.3d 296 (7th Cir. 2001). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Giving Scott-Manna the inferences to which he is entitled at this stage of the proceedings, he has stated a plausible claim against McCray for ordering his K-9 to attack him on January 26, 2020, in violation of the Eighth Amendment.

To the extent Scott-Manna alleges Morgan and Calloway did nothing to prevent the K9's attack, state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). It can plausibly be inferred that Morgan and Calloway had sufficient opportunity to intervene and prevent the K9's attack on Scott-Manna because McCray ordered them to move out of the way before he released his K9. Therefore, Scott-Manna has stated a claim for failure to intervene against these two defendants.

For these reasons, the court:

(1) GRANTS Akheem Scott-Manna leave to proceed against Sgt. McCray in his individual capacity for compensatory and punitive damages for ordering his K-9 to attack Scott-Manna on January 26, 2020, in violation of the Eighth Amendment;

(2) GRANTS Akheem Scott-Manna leave to proceed against Ofc. Calloway and Lt. Morgan in their individual capacities for compensatory and punitive damages for failing to intervene when Sgt. McCray ordered his K9 to attack Scott-Manna on January 26, 2020, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. McCray, Ofc. Calloway, and Lt. Morgan at the Indiana Department of Correction, with a copy of this order and the second amended complaint (ECF 22), under 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. McCray, Ofc. Calloway, and Lt. Morgan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed on in this screening order.

SO ORDERED on February 22, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT