UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AKHEEM SCOTT-MANNA,

Plaintiff,

v.

CAUSE NO. 3:21-CV-299-JD-MGG

CALLOWAY, McCRAY, and MORGAN,

Defendants.

## OPINION AND ORDER

Akheem Scott-Manna, a prisoner without a lawyer, is proceeding in this case "against Sgt. McCray in his individual capacity for compensatory and punitive damages for ordering his K-9 to attack Scott-Manna on January 26, 2020, in violation of the Eighth Amendment [and] against Ofc. Calloway and Lt. Morgan in their individual capacities for compensatory and punitive damages for failing to intervene when Sgt. McCray ordered his K9 to attack Scott-Manna on January 26, 2020, in violation of the Eighth Amendment." ECF 23 at 3.

On April 17, 2023, the defendants filed a motion for summary judgment. ECF 100. With the motion, they provided Scott-Manna the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 104. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. Pursuant to that local rule, a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact.

Scott-Manna's response was due by May 18, 2023. The deadline to file a response passed three months ago, but Scott-Manna did not file one. The court will now rule on the summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id*. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or

2

restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

In his deposition, Scott-Manna testified about the dog attack.

> Well, here's the thing. All I remember is being cuffed and being shackled on the floor, and Calloway was on top of me saying like, dude, it's over with, man. You're going to get a shower now. I'm like, all right. That's all I wanted. That's all I wanted.
> And now we're to the point that everything is over now, and Morgan was like, ha, bitch. You hit like a bitch or he said something like that, and he's standing over me, and I hear the stairs I hear the stairs as well – the railing of the stairs, and I hear him tell Calloway move. He said, move.
> So once he moved, Calloway, I remember because he's a big guy. Calloway is about 400 pounds. Maybe 350, easy. 350, easy. Stands 6 foot – I would say 400, though – 6'1, 6'2. But I heard him say move, and then once he said move, I felt this big man's position of his body get up off me, and then I heard get'em. And that's when I heard the dog ruff, ruff, ruff, and get to biting me, and I was getting bit, I counted on the camera, 22 to 26 second stretch by the dog. And he allowed him to stand over me and bite me for 22 to 26 seconds straight, having counted one, two, three, four, and my leg felt the injury and the substantial damage that I – and the (indecipherable.)

ECF 100-1 at 89-90.

However, video of the incident contradicts this account. The video is from a ceiling camera with a fisheye lens photographing the entire cell block. As submitted, the relevant events are distant and upside down. The VLC video player app allowed it to be zoomed and rotated.

3

The video shows Scott-Manna fled from officers, ran upstairs, and locked himself in his cell. They pursue and less than a minute later they open the cell door. Video at 10:35.[1] No officer enters the cell. Scott-Manna crawls out the door and onto the range less than thirty seconds after the door opens. *Id*. at 11:02. He quickly gets up and punches an officer. *Id*. at 11:10. He is taken to the floor by two officers while Sgt. McCray and his dog come up the upstairs. *Id*. at 11:15. Two other officers move toward Scott-Manna, but do not touch him before backing into the open cell door as Sgt. McCray and his dog move forward. *Id*. at 11:20. Scott-Manna rises from the floor and again attacks an officer. *Id*. at 11:24. The dog moves quickly to bite him. *Id*. at 11:26. Officers work to restrain him and then Sgt. McCray and his dog back away. *Id*. at 11:47. The dog has no further contact with Scott-Manna.

When "the evidence includes a videotape of the relevant events, the Court should not adopt the nonmoving party's version of the events when that version is blatantly contradicted by the videotape." *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016) citing *Scott v. Harris*, 550 U.S. 372, 379-80 (2007). Such is the case here. Scott-Manna was not in leg shackles at the time he was bitten, though he had one hand cuffed and maybe two. ECF 101-1 at 95. It is unclear from the video if he was cuffed or not, but it is clear he rises from the floor and lunges toward the officers working to restrain his hands so whether he had one or two cuffs on his wrists does not create a genuine

---

[1] The video was manually filed. Notice of the filing is at ECF 101 and receipt of the video is at ECF 110. Time citations to the video are referenced as minutes and seconds from the beginning of the clip submitted; they are not based on the actual time of day which was from 3:01:53 pm to 3:22:34 pm on January 26, 2020.

4

dispute about whether the force used by the dog was excessive. Either way, he was attacking officers at the time the dog was released by Sgt. McCray. It is unclear if the dog was biting his leg the entire twenty-one seconds during which they were next to each other, but "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted).

> [C]ourts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Whitley v. Albers*, 475 U.S. 312, 322 (1986). Prison officials are given deference in deciding how to respond to disruptive inmates because they "are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving." *Kingsley v. Hendrickson*, 576 U.S. 389, 399-400 (2015) quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see also Ajala v. Tom*, 658 F. App'x 805, 807 (7th Cir. 2016) (noting "extra degree of deference" courts give prison officials when needing to make split-second judgments).

    Here, no reasonable jury could find the force used was excessive given the need to fully restrain Scott-Manna whom the video evidence shows had fled from guards and twice attacked them after acting like he was compliant. Because there was no

5

excessive use of force, summary judgment will be granted for Sgt. McCray. Because there was no excessive use of force, Officer Callaway and Lt. Morgan had no need to intervene and summary judgment will be granted for them too.

Granting summary judgment will close this case, but three other motions are pending which need to be addressed. First, the defendants filed a motion asking for sanctions because Scott-Manna has not responded to discovery as ordered. ECF 115. Specifically, they want the case dismissed or Scott-Manna prohibited from using any material which would have been responsive to their discovery requests. Second, Scott-Manna filed a motion asking for additional time to respond to the discovery requests. ECF 130. With the dismissal of this case on the merits, these motions are moot.

Finally, Scott-Manna filed a motion titled "Motion for Judicial Special Advisement: for Honorable Jon E. DeGuilio" in which he asks the court to "please make special advisement in this case." ECF 119. In the motion, he discusses his difficulty litigating because of his mental illness. He says he has been on suicide watch and is frequently without his legal paperwork. He says he has trouble getting mail and has been denied his requests for counsel and enlargements of time. He asks for discovery and to amend his complaint.

The time to amend pleadings and initiate discovery passed long ago. ECF 40, 82, and 128. Scott-Manna did not file a response to the summary judgment motion – perhaps because of his mental illness, perhaps because he did not have access to his legal paperwork, perhaps because he did not have counsel. Despite those limitations, he was able to tender twelve filings during the more than four months since the summary

judgment motion was filed. ECF 105, 106, 107, 108, 109, 111, 116, 117, 119, 120, 129, and 130. Whatever the reason, the video indisputably shows he could not win this case even if he had filed a response, even if he had a lawyer.

Because "the evidence includes a videotape of the relevant events, the Court [will] not adopt [Scott-Manna]'s version of the events [because] that version is blatantly contradicted by the videotape." *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016) citing *Scott v. Harris*, 550 U.S. 372, 379-80 (2007). Because the video evidence shows he was not subjected to an excessive use of force, there is no basis for recruiting a lawyer to represent him. *See McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020) ("Nothing in *Pruitt* or our other cases on recruiting counsel prohibits a judge from using available information and the judge's experience to assess the importance and potential merits of the case and to assign priority accordingly."). The court accepts that Scott-Manna suffers from a mental illness, but "unfortunately, in many cases where a prisoner suffers from serious mental illness, the illness may distort the prisoner's assessment his claims . . .." *Id*. at 845-46. Scott-Manna may sincerely believe events happened as he described them, but the video shows they did not.

For these reasons, the court: (1) DENIES the miscellaneous motions (ECF 115, 119, and 130); (2) GRANTS the defendants' summary judgment motion (ECF 100); and (3) DIRECT the clerk to enter judgment in favor of the defendants and against Akheem Scott-Manna and to close this case.

7

SO ORDERED on September 7, 2023

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT